IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PHILADELPHIA INQUIRER, et al., | : | |
|     Plaintiffs | : | |
| | : | No. 1:12-cv-1917 |
| v. | : | |
| | : | (Chief Judge Kane) |
| JOHN E. WETZEL, in his individual | : | |
| capacity as Secretary of the Pennsylvania | : | |
| Department of Corrections, et al., | : | |
|     Defendants | : | |

## MEMORANDUM ORDER

Currently before the Court is Defendants' motion to dismiss Plaintiffs' amended complaint. (Doc. No. 30.) The motion has been fully briefed and is now ripe for disposition. For the reasons that follow, the Court will deny Defendants' motion to dismiss.

### I. BACKGROUND

On September 25, 2012, Plaintiffs, The Philadelphia Inquirer and The Patriot-News, filed a complaint seeking preliminary and permanent injunctions permitting them full auditory and visual observation of executions administered by the Pennsylvania Department of Corrections (DOC) (Doc. No. 1), and moved the Court for a temporary restraining order and preliminary injunction permitting them full auditory and visual observation of two executions scheduled for October 3, 2012, and November 8, 2012. (Doc. No. 4.) Defendants moved to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 18.) The Court heard argument and received testimony, documents, and transcripts of testimony agreed to by the parties at a preliminary injunction hearing conducted on October 17, 2012. (Doc. No. 32.)

On October 22, 2012, Plaintiffs subsequently filed an amended complaint (Doc. No. 26), which Defendants again moved to dismiss for failure to state a claim under Rule 12(b)(6) (Doc.

1

No. 30). On November 6, 2012, the Court issued an order granting Plaintiffs' motion for a preliminary injunction permitting them full visual and auditory observation of the execution that was scheduled for November 8, 2012.[1] (Doc. No. 34.) The Court now turns to Defendants' motion to dismiss Plaintiffs' amended complaint. (Doc. No. 30.)

**II.     STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004). The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Although the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual

---

[1] The execution of Hubert Michael, Jr., scheduled for November 8, 2012, was subsequently postponed.

2

allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

**III. DISCUSSION**

In support of their motion to dismiss, Defendants assert that Plaintiffs' allegation that the DOC's lethal injection protocol prohibiting full access to executions is unconstitutional does not state a claim under 42 U.S.C. § 1983, because there is no recognized First Amendment right to view executions. (Doc. No. 33 at 4.) Defendants thus conclude that Plaintiffs' amended complaint should be dismissed under Rule 12(b)(6) for failure to state a claim. (Id. at 6.) In response, Plaintiffs assert that the Court's order granting their motion for a preliminary injunction to view the execution scheduled for November 8, 2012, without visual or auditory obstruction, supports a finding that Plaintiffs have alleged sufficient facts to survive Defendants' motion to dismiss their amended complaint. (Doc. No. 35 at 2.)

For substantially the same reasons discussed in the Court's order granting Plaintiffs' motion for a preliminary injunction, the Court finds that Plaintiffs' amended complaint states a claim cognizable under the First Amendment and 42 U.S.C. § 1983.[2] In their amended complaint (Doc. No. 26), Plaintiffs have alleged facts supporting a claim under United States Supreme Court and the United States Court of Appeals for the Third Circuit precedent that their

---

[2] See Doc. No. 34 at 18 ("[T]he Court finds that Plaintiffs have made a sufficient showing on each prong of Richmond Newspapers to support finding that Plaintiffs enjoy a First Amendment right of qualified public access to executions.")

3

First Amendment rights are infringed by the DOC's lethal injection protocol.  The Court therefore finds that Defendants' motion to dismiss Plaintiffs' amended complaint (Doc. No. 30) should be denied.  An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE PHILADELPHIA INQUIRER, et al., : | |
|     Plaintiffs : | |
| : | No. 1:12-cv-1917 |
| v. : | |
| : | (Chief Judge Kane) |
| JOHN E. WETZEL, in his individual : | |
| capacity as Secretary of the Pennsylvania : | |
| Department of Corrections, et al., : | |
|     Defendants : | |

**ACCORDINGLY**, on this 18th day of January 2013, for the reasons set forth in the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss Plaintiffs' amended complaint (Doc. No. 30) is **DENIED**; and, **IT IS FURTHER ORDERED THAT** Defendants' motion to dismiss Plaintiffs' complaint (Doc. No. 18) is **DENIED AS MOOT.**

        S/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania